[No. 35718. Department Two. August 24, 1961.]

*In the Matter of the Estate of* CHRIS PAPPANICOLAOU, *Deceased.*

MARJORIE LEVY, *Appellant,* v. GEORGE CARRAS, *as Executor, Respondent.**

*Arthur A. Giblin,* for appellant.

*Rummens, Griffin, Short & Cressman,* for respondent.

PER CURIAM.—This is an appeal from a dismissal of a will contest. No evidence was offered. No substantive law is involved. The only issue is whether, under the circumstances, the trial court abused its discretion in refusing a further continuance to the contestant.

Four wills of Chris Pappanicolaou (also known as Christ Pappas) were before the probate court. He died April 20, 1959, leaving an estate of the approximate value of sixty-one thousand dollars.

The last will, in point of time (April 8, 1959), was admitted to probate April 20, 1959. Marjorie Levy, the appellant, was bequeathed five dollars by this will. She contested it and offered for probate a will executed by the testator December 13, 1955, by which he devised and bequeathed to her one-third of his estate and, under certain contingencies, an additional one-ninth. It was her contention that from at least April 3, 1959, the testator was not competent to make a will and that the three individuals named as executors in the will unduly influenced him in the making of it.

Two undated wills (alleged to have been executed by the testator April 5, 1956, and May 16, 1956) would, if executed on those dates, be subsequent to the will offered and relied upon by Marjorie Levy. What her objections to those wills (which did not mention her) would be, is, of course, not known, as she had first to make a successful attack on the will of April 8, 1959, which had been admitted to probate.

The petition contesting this will was filed October 19, 1959, the last day for the filing of such a contest. The hearing on the contest was originally set for trial on February 24, 1960. There being a question as to the competency of the principal legatee and devisee, *i.e.,* a son of the testator who was then living in Greece, an attorney (Jack W. England) was appointed as his guardian *ad litem.* The guardian *ad litem* approved a compromise worked out by the attorneys for the executor and the contestant whereby she would receive two thousand dollars and dismiss the contest. When the approval of the compromise and dismissal of the contest came before the probate court on February 9, 1960, it was continued to February 18 and, again, to February 19, on which date she appeared in person with her present counsel and repudiated the authority of her then counsel to make such a compro-

*Reported in 364 P. (2d) 428.

mise. On the trial date (February 24, 1960) the cause was continued for a trial to May 31, 1960, there having been no preparation for trial, presumably because of the negotiations for settlement.

Without any change of counsel by the contestant, negotiations for a settlement continued, but again no preparation was made for trial. A motion for continuance was served by her present counsel late on May 27, 1960, supported by her affidavit stating:

"That prior to the date of trial—May 31, 1960, her attorneys . . . were endeavoring to make a compromise and settle the matter, however, the offer of settlement, in the opinion of this affiant, was not sufficient, and she directed her attorneys to refuse it."

The affidavit further stated that on May 26, 1960, she received a letter advising her that if she did not accept the settlement her then counsel would withdraw, and on that day she received "portions" of the file.

The motion for continuance and supporting affidavits (prepared by her present counsel) were not filed until May 31, 1960, and were brought to the attention of the trial court for the first time on that date. Apparently all of the time between the first trial date, February 24, and May 31 had been used in negotiations and none in preparation for trial. While her present counsel asserts a belief that the contest is meritorious, the trial court was unwilling to grant a further continuance; the contestant was unwilling to proceed to trial, and the order of dismissal was entered from which the appeal is taken. It is to be noted that there is absolutely nothing in the record to indicate what witnesses would be called, or what testimony would be offered in support of the contest if a continuance were granted.

We find no abuse of discretion in entering the order of dismissal.